**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANDREW SMITH,

    Plaintiff,                                       CASE NO.:

vs.                                            **DEMAND FOR JURY TRIAL**

TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC,
and RENT RECOVERY SOLUTIONS LLC,

    Defendants.
_____/

**COMPLAINT**

COMES NOW Plaintiff, ANDREW SMITH, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, and RENT RECOVERY SOLUTIONS LLC, and alleges:

**I. PARTIES**

1. Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA. In addition, Plaintiff is a consumer as that term is defined by the FDCPA as that term is defined by 15 U.S.C. § 1692a(3).

2. Defendant TRANS UNION is an Delaware limited liability company with its principal place of business located at 555 WEST ADAMS STREET, CHICAGO, IL 60661 and is subject to the jurisdiction of this Court.

1

3. At all times material Defendant TRANS UNION is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

4. Defendant EQUIFAX is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

5. At all times material Defendant EQUIFAX is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

6. Defendant RENT RECOVERY SOLUTIONS LLC ('RRS') is a debt collector in ATLANTA, GA and is subject to the jurisdiction of this court.

7. Defendant RRS is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

8. Defendant RRS is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a(6).

## II. JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*.

10. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

## III. FACTUAL ALLEGATIONS

11. Prior to December 2023, Plaintiff had a consumer Debt arising from a tenancy in Jacksonville, FL with Priderock Capital Management (the "Debt").

12. Prior to December 15, 2023, Priderock sent the Debt to collections with Defendant RRS.

13. On December 15, 2023, Plaintiff and Priderock agreed to delete the Debt tradeline and waive the debt balance with Defendant RRS.

14. Defendant RRS has failed to delete the tradeline, despite being given notice by the underlying creditor.

15. Beginning in January 2024, Plaintiff Smith has disputed this Debt on his credit reports with Defendants EQUIFAX and TRANS UNION through online disputes. ***See Exhibit A.***

16. As recently as March 8, 2024, Plaintiff has received responses to these disputes from both the Bureau Defendants EQUIFAX and TRANS UNION. ***See Exhibit A.***

17. After receiving these dispute letters, the bureaus did not delete the trade line, neither did Defendant RRS.

18. After receiving these disputes, upon information and belief, the credit bureau Defendants properly contacted the Defendant RRS, but failed to delete the tradeline.

19. After receiving Plaintiff's disputes, upon information and belief, Defendants failed to conduct a reasonable investigation of the account.

20. Further, after receiving Plaintiff's disputes, Defendants had enough information available to them, based on the underlying previous disputes and documentation, to confirm that the tradeline should have been deleted. This inability to verify the balance, and yet still confirm it in "maximum accuracy" is a violation of the Fair Credit Reporting Act and the Plaintiff's rights regarding his consumer report.

## RESULTS OF DEFENDANTS' FAILURES

21. As of the date of this Complaint, both bureau Defendants have continued to improperly report the fraudulent card balance under the RRS account.

22. When Plaintiff disputed the accounts, Defendant Trans Union was required to perform a reinvestigation; however, the Defendant did not properly reinvestigate the disputes on their own or through their collective communications and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

23. When Plaintiff disputed the accounts, Defendant Equifax was required to perform a reinvestigation; however, the Defendant did not properly reinvestigate the disputes on their own or through their collective communications and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

24. When Plaintiff disputed the account, Defendant RRS was required to perform a reinvestigation; however, Defendant RRS continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA, in complete disregard to the disputes and information provided by Plaintiff..

25. As a result of Defendants' credit reporting of the fraudulent accounts on Plaintiff's credit reports, Plaintiff's credit score was reduced, affecting him in Florida.

26. Plaintiff retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

27. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

## IV. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT EQUIFAX
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

28. Plaintiff incorporates Paragraph 1 – 27 above as fully stated herein.

29. Defendant Equifax willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

30. Defendant Equifax willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other account investigations.

31. Defendant Equifax willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and the errors stated.

32. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e (b).

33. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

34. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

35. Defendant Equifax negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by

Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

36. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

37. In response to the request for reinvestigation, Defendant Equifax improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

38. Defendant Equifax has negligently and/or willfully failed to conduct a proper reinvestigation of the trade line in violation of the FCRA, 15 U.S.C. *§*§ 1681i.

39. As noted above, Equifax failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes.

40. Defendant Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

41. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual

damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EQUIFAX:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For attorney's fees and costs incurred in this action;

e) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f) For such other and further relief as the Court may deem just and proper.

## COUNT II
## CLAIMS AGAINST DEFENDANT TRANS UNION
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq*.

42. Plaintiff incorporates Paragraph 1 – 27 above as fully stated herein.

43. Defendant Trans Union willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

44. Defendant Trans Union willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other fraudulent account investigations.

45. Defendant Trans Union willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and the errors stated.

46. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e (b).

47. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

48. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

49. Defendant Trans Union negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

50. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

51. In response to the request for reinvestigation, Defendant Trans Union improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

52. Defendant Trans Union has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

53. As noted above, Trans Union failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes and the attached documentation.

54. Defendant Trans Union's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

55. Defendant Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant TRANS UNION:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For attorney's fees and costs incurred in this action;

e) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f) For such other and further relief as the Court may deem just and proper.

## COUNT III
## CLAIMS AGAINST DEFENDANT
## RENT RECOVERY SOLUTIONS
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

56. Plaintiff incorporates Paragraph 1-27 above as if fully stated herein.

57. Defendant RRS has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

58. Specifically, RRS violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of

such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

59. Further, RRS violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

60. Following the reinvestigation and dispatch of direct notice to RRS, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

61. RRS's reinvestigation was not conducted in good faith.

62. RRS's reinvestigation was not conducted reasonably.

63. RRS's reinvestigation was not conducted using all information reasonably available to the Defendant.

64. RRS's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

65. RRS's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

66. Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

67. Defendant RRS had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

68. Defendant RRS had **received multiple disputes from the bureaus** to find that this account was inaccurate. Defendant RRS **still reported the account.**

69. Despite having all the information available to it as the other credit bureaus, the Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A) and RRS is **still reporting this information.**

70. As a result of RRS's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

71. RRS's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

72. Plaintiff is entitled to recover costs and attorney fees from Defendant RRS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

73. RRS's actions demonstrate an honest disregard for consumers and consumer law. Plaintiff will move for punitive damages following discovery of relevant information.

    **WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against RRS:

    a)   For actual damages;

    b)   For compensatory damages;

    c)   For statutory damages;

    d)   For punitive damages;

    e)   For attorney's fees and costs incurred in this action;

    f)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

    g)   For such other and further relief as the Court may deem just and proper.

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
## **15 U.S.C. § 1692 et seq.**

74. Plaintiff incorporates Paragraph 1-27 above as if fully stated herein.

75. The Defendant RRS is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA).  § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

76. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to 15 U.S.C § 1692d, (Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection); 15 U.S.C. §1692f, (Any unfair or unconscionable means to collect the alleged debt with respect to the Plaintiff), §1692b(1) (Contact of Third Party:  failed to identify themselves, or failed to state that collector is confirming or correcting location information); §1692b(2) (Contact of Third Party:  Stated that the consumer owes any debt); and§1692b(3) (Contact of Third Parties:  Contacted a person more than once, unless requested to do so.)

77. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and

15

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 18th day of March, 2024.

/s/ Max Story
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax:  (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
lynette@storylawgroup.com
Attorneys for Plaintiff